# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT of TEXAS
### SAN ANTONIO DIVISION

| | | |
|---|---|---|
| CARL G. DEATON, | § § § | |
| Plaintiff | § § | |
| v. | § § | Civil Action No. SA-11-MC-842-XR |
| STATE OF TEXAS, BEXAR COUNTY DETENTION CENTER, | § § § § | |
| Defendants | § | |

## SHOW CAUSE ORDER

Carl G. Deaton has filed a petition for a court order allowing an attorney phone call. Deaton asserts he was arrested and is detained in the Bexar County Adult Detention Center. He states he was declared indigent, and an attorney has been appointed for him. Deaton alleges he has attempted to communicate with his attorney by mail and by telephone, but his attorney will not accept collect calls. Deaton states the facility's phone system requires payment, but he is indigent. He claims he is denied equal access to counsel. Deaton asks to be allowed to call his attorney. **This Court construes the petition as a 42 U.S.C. § 1983 civil rights complaint. The Clerk shall designate this as a civil case.**

A civil rights complaint may not proceed until the plaintiff has paid the $350.00 filing fee or the plaintiff is granted leave to proceed in forma pauperis (IFP). Plaintiff Deaton's complaint is not accompanied by the filing fee or an IFP application.

*Plaintiff's § 1983 complaint is frivolous and fails to state a claim and therefore is subject to dismissal for the following reasons:*

An action is frivolous where there is no arguable legal or factual basis for the claim. *Neitzke*

*v. Williams*, 490 U.S. 319, 325 (1989). To state a claim pursuant to Fed. R. Civ. P. 12(b)(6), plaintiff's allegations must present "enough facts to state a claim to relief that is plausible on its face," i.e. the "[f]actual allegations must be enough to raise a right to relief above the speculative level," and "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). A conclusory complaint, one that fails to state material facts, may be dismissed as frivolous, *see e.g. Wilson v. Budney*, 976 F. 2d 957, 958 (5th Cir. 1992), *Moody v. Baker*, 857 F. 2d 256, 257 (5th Cir.), *cert. denied*, 488 U.S. 985 (1988), or for failure to state a claim, *see Rios v. City of Del Rio*, 444 F. 3d 417, 426 (5th Cir.), *cert. denied*, 549 U.S. 825 (2006).

Because Plaintiff's claim concerns his ability to communicate with counsel in connection with a pending criminal case, Plaintiff's claim involves his First Amendment right of access to courts or his Sixth Amendment right to effective assistance of counsel. Plaintiff does not allege a denial of access to courts, because he does not allege Defendants hindered his efforts to pursue a non-frivolous legal claim. *Lewis v. Casey*, 518 U.S. 343, 349-52 (1996).

Regarding a Sixth Amendment claim of the denial of effective assistance of counsel, Plaintiff contends he is denied access to his attorney because he could not afford to pay for phone calls and because his attorney would not accept collect calls. However, there are other ways a pretrial detainee can communicate with counsel, such as by mail and through counsel's jail visitation. Plaintiff does not contend Defendants prohibit him from writing letters to his attorney[1] or that Defendants prohibit

---

[1] Plaintiff does not allege counsel does not respond to his letters. Even if Plaintiff were to make such an allegation, Defendants would have no control over whether counsel responds to letters, and Plaintiff would not be able to show Defendants have violated a constitutional right of access to counsel. Also, such an allegation would not state a claim against Plaintiff's attorney, because a criminal defense attorney, whether appointed or retained, is not a state actor for liability purposes

him from visiting with his attorney at the jail. Moreover, Plaintiff does not allege how Defendants have any control over whether Plaintiff's attorney accepts collect phone calls.[2] Therefore, Plaintiff does not allege facts that would show Defendants have denied him access to counsel in violation of his right to effective assistance of counsel.

The case and controversy requirement of Article III of the Constitution requires that to proceed in federal court a complaint must allege an injury, *see O'Shea v. Littleton*, 414 U.S. 488, 493-95 (1974), that is more than de minimus or trivial, *see Glenn v. City of Tyler*, 242 F. 3d 307, 314 (5th Cir. 2001). Plaintiff does not allege how he was harmed by the inability to pay for phone calls to his attorney, because there are other means of communication, such as by mail. Plaintiff does not allege that his inability to contact counsel through free phone calls has affected his pending criminal case.

**Within twenty-one (21) days Plaintiff shall pay the filing fee or submit an application to proceed IFP.**

**Also, within twenty-one (21) days Plaintiff shall show cause why this Court should not dismiss his claims as frivolous and for failure to state a claim, as explained in this Order, by filing an amended complaint (of no more than ten (10) pages) curing these deficiencies. The amended complaint shall state among other things: a *factual* description of the incidents Plaintiff complains about and when these incidents took place; how Defendants were involved**

---

under § 1983. *Polk County v. Dodson*, 454 U.S. 312, 324-25 (1981); *Hudson v. Hughes*, 98 F.3d 868, 873 (5th Cir. 1996).

[2] Plaintiff does not allege his attorney has violated Plaintiff's constitutional rights. Again, a criminal defense attorney, whether appointed or retained, is not a state actor for liability purposes under § 1983. *Polk County v. Dodson*, 454 U.S. at 324-25; *Hudson v. Hughes*, 98 F.3d at 873.

in the incidents Plaintiff complains about and how Defendants harmed Plaintiff or violated Plaintiff's federal or constitutional rights; what injury Plaintiff incurred; and what relief Plaintiff seeks.  *See* Fed. R. Civ. P. 8(a).

If Plaintiff fails to comply, his Complaint will be dismissed for failure to prosecute and failure to comply with the orders of this Court.  See Fed. R. Civ. P. 41(b).

The Clerk shall send an IFP application to Plaintiff with this Order.

It is so ORDERED.

SIGNED on December 15, 2011.

                                              */s/ Nancy Stein Nowak*
                                              NANCY STEIN NOWAK
                                              UNITED STATES MAGISTRATE JUDGE